UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANDREW MELTON, | Case No. 2:21-cv-00833-JDP (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, *et al.*, | ECF No. 7 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| Defendants. | |

Plaintiff, a former state prisoner proceeding with counsel, brings this civil rights action against California Department of Corrections and Rehabilitations; Giselle Matteson, the warden of California State Prison Solano County; and correctional officers Petersen and O'Faire.[1] He alleges that in March 2020, while he was incarcerated at CSP-Solano County, Petersen and O'Faire were supervising inmates working in one of the prison's buildings. The inmates allegedly ran an extension cord through the middle of the room without placing yellow warning cones around the cord. Plaintiff, who is disabled and uses a cane to walk, caught his foot on the cord, fell, and injured his rotator cuff. Despite submitting a request for medical treatment later

---

[1] This action was originally commenced in Sacramento County Superior Court. The complaint's caption identifies one of the defendants as "Correctional Officer Petersen," but in the body of the complaint that defendant's name is spelled "Peterson." ECF No. 1 at 4, 7. To avoid confusion, this order will utilize the spelling contained in the complaint's caption.

1

1  that day, plaintiff allegedly did not receive treatment until he was transferred to a county jail two
2  days later.
3        The complaint alleges federal claims under 42 U.S.C. § 1983, the Americans with
4  Disabilities Act, and the Rehabilitation Act, as well as various state law claims. Defendants have
5  filed a motion to dismiss. I recommend that defendants' motion be granted, plaintiff's federal
6  claims be dismissed with leave to amend, and the court decline to exercise supplemental
7  jurisdiction over plaintiff's state law claims.

## Motion to Dismiss Standard

9        A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of a claim, and
10  granting the motion is proper if there is no cognizable legal theory of liability or if insufficient
11  facts are alleged to support a cognizable theory. *See Conservation Force v. Salazar*, 646 F.3d
12  1240, 1241-42 (9th Cir. 2011). A court's review is generally limited to the operative pleading.
13  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). A pleading is sufficient
14  under Rule 8(a)(2) if it contains "a short and plain statement of the claim showing that the pleader
15  is entitled to relief" that gives "the defendant fair notice of what the . . . claim is and the grounds
16  upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.
17  Gibson*, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss, a plaintiff must allege "enough
18  facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has "facial
19  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
20  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.
21  662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## Analysis

### A.  Section 1983 Claims

24        Defendants first argue that California Department of Corrections and Rehabilitation
25  ("CDCR") is entitled to Eleventh Amendment immunity on plaintiff's § 1983 claims. ECF No.
26  7-1 at 1. Plaintiff contends that CDCR waived its immunity by removing this case to this court.
27  ECF No. 8 at 4.

1    Although plaintiff is correct that CDCR waived Eleventh Amendment immunity by
2    removing this case, *see Lapides v. Board of Regents of University System of Georgia*, 535 U.S.
3    613, 617 (2002), he still cannot maintain his § 1983 claims against CDCR.  A section 1983 claim
4    for monetary damages can only be brought against a *person* acting under color of state law, and a
5    state and its entities are not persons for purposes of section 1983.  *Id*.; *Will v. Michigan Dept. of*
6    *State Police*, 491 U.S. 58, 64 (1989); *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918
7    (9th Cir. 2003).  Because plaintiff seeks only monetary damages, his section 1983 claims against
8    CDCR must be dismissed.

9    As for the section 1983 claims against Matteson, Petersen, and O'Faire, defendants argue
10   that these claims must be dismissed because the complaint does not allege that these defendants
11   participated in the alleged violation of plaintiff's civil rights.  ECF No. 7-1 at 10-11.  To state a
12   claim under section 1983, a plaintiff must allege that a defendant acting under color of state law
13   caused an deprivation of a right secured by federal law.  *Soo Park v. Thompson*, 851 F.3d 910,
14   921 (9th Cir. 2017).  Accordingly, a supervisory defendant is liable under section 1983 only if the
15   supervisor (1) personally participated in the deprivation of constitutional rights or directed the
16   violations or (2) knew of the violations and failed to act to prevent them.  *Hansen v. Black*, 885
17   F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

18   The only allegation concerning defendant Matteson is that she was the acting warden at
19   the time of the injury.  ECF No. 1 at 5.  And plaintiff's sole allegation regarding O'Faire and
20   Petersen is that they supervised the inmates working in the room where plaintiff was injured.  *Id*.
21   at 7.  These allegations do not show that the individual defendants participated in, or knew of but
22   failed to prevent, a violation of plaintiff's constitutional rights.  I therefore recommend that
23   plaintiff's section 1983 claims be dismissed with leave to amend.

24   **B.  ADA and Rehabilitation Act Claims**

25   Defendants also argue that the complaint lacks sufficient factual allegations to state claims
26   under the ADA and Rehabilitation Act.  ECF No. 7-1 at 13-15.  Both Title II of the ADA and
27   § 504 of the Rehabilitation Act require plaintiff to show that he was excluded from participation
28   in, or denied benefits of, a public entity's programs or activities by reason of his disability.  *Duval*

3

1  *v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

2  Plaintiff's ADA and Rehabilitation Act claims are based solely on his conclusory allegations that defendants denied him "the benefits of the services, programs, and activities, of the CDCR medical care facility [and] the mental health facilities" because of his disability.  ECF No. 1 at 16.  Such vague allegations fail to show that plaintiff was subjected to discrimination based on a disability.  Accordingly, his ADA and Rehabilitation Act claims should also be dismissed with leave to amend.

**C.  State Law Claims.**

Plaintiff's remaining claims are for violations of various state laws.  The complaint does not establish diversity of the parties and, as discussed above, plaintiff has yet to allege a cognizable federal claim.  *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must specifically allege diverse citizenship of all parties to invoke diversity jurisdiction).  Consequently, there is no basis for exercising supplemental jurisdiction over plaintiff's state law claims, and those claims must be dismissed.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7. (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").  Accordingly, plaintiff's state law claims must also be dismissed.

Accordingly, it is hereby ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that:

1.  Defendant's motion to dismiss, ECF No. 7, be granted.

2.  Plaintiff's complaint, ECF No. 1 at 4-16, be dismissed with leave to amend.

3.  Plaintiff be granted thirty days from any order adopting these findings and

4

recommendations to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     November 2, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5